**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK, | ) | Case No. 1:26-cv-00601 |
| Plaintiff, | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| Defendants. | ) | |

**DEFENDANT NO. 80 VEELAM'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant No. 80, Veelam (the Amazon storefront operated by Shenzhen Anyou Information Technology Co., Ltd.) ("Defendant"), by its undersigned counsel, answers Plaintiff's Complaint (ECF No. 1) as follows. The Complaint's allegations are reproduced below, followed by Defendant's responses. Reproducing an allegation is not an admission. Except as expressly admitted, Defendant denies the Complaint's allegations, including its unnumbered allegations.

**PRELIMINARY STATEMENT**

Plaintiff, JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK ("Jantz & Jantz" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

**Response:** Defendant admits that Plaintiff has filed this Complaint against the persons and entities identified on Schedule A. Defendant denies that Plaintiff is entitled to relief against Defendant.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

**Response:** Defendant admits that the Complaint asserts a claim under the Copyright Act and that this Court has subject-matter jurisdiction over that claim. Defendant does not admit the merits of the claim.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not

be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

**Response:** Defendant admits that it operates an Amazon storefront, offers products to United States customers, accepts payment in U.S. dollars, and has sold products to customers in Illinois. Defendant does not contest personal jurisdiction or venue in this action. Defendant denies committing infringement or other tortious acts, causing the alleged injury, or engaging in the unlawful conduct alleged. Defendant lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

## INTRODUCTION

3. Plaintiff, JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's images. Jantz & Jantz is a civil law partnership between sisters Anita and Isabella Jantz. Plaintiff's pieces often start as photographs or scans of real material which are then edited in Photoshop to manipulate color, add texture, or overlay hand-drawn designs, paintings, or photographs of other materials.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 concerning Plaintiff's ownership, organization, authorship, and creative process and therefore denies them.

4. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's images. In addition, the Defendants are selling

unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images.

**Response:** Defendant admits that Plaintiff has brought this copyright action. Defendant denies that it has infringed Plaintiff's copyrights, sold unlawful derivative works, or unlawfully traded on Plaintiff's reputation or goodwill. Defendant lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

5. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-405-850; VA 2-405-926; VA 2-405-912; VA 2-405-847; VA 2-405-934; VA 2-404-305; VA 2-455-444; VA 2-404-368; VA 2-404-316; VA 2-405-917; VA 2-455-179; VA 2-405-918; VA 2-405-842; VA 2-404-325; VA 2-405-931; VA 2-404-319; VA-2-404-313; VA 2-405-854; and VA 2-405-938 (the "Jantz Works") and the registrations are attached hereto as Exhibit 1. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

**Response:** Defendant denies that the effective registration date for the work identified against it precedes all of Defendant's alleged conduct. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's ownership of, and the works covered by, the registrations listed in paragraph 5 and therefore denies the remaining allegations.

6. In an effort to illegally profit from the creative content of the Jantz Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Jantz Products.

**Response:** Defendant denies creating or designing its store to appear to be an authorized seller of Plaintiff's products or to profit illegally from Plaintiff's works. Defendant lacks

knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Jantz Works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

**Response:** Defendant denies participating in a common unlawful operation or coordinated infringement with other Defendants, concealing its identity to evade liability, or causing the alleged harm. Defendant's business address was publicly identified in its Amazon seller information. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations concerning other Defendants and their operations and therefore denies them. Defendant denies that Plaintiff is entitled to relief against it.

## THE PLAINTIFF

8. Plaintiff, JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK, is the owner of the Copyright Registrations that protect the creative content of the Jantz Works. Founded in 2018, Jantz & Jantz is a civil law partnership between sisters Anita and Isabella Jantz. Together they create photographs and artistic paintings that focus on minimalism, purity, and the beauty of nature. Plaintiff's pieces use a combination of photography, scanning, painting, and digital effects like liquifying in Photoshop as well as editing the images to cut out specific parts and make color changes. Plaintiff's pieces often start off as photographs or scans of real material which are then edited in Photoshop to manipulate color, add texture, or overlay hand-drawn designs or paintings. Their success is based on their combined skills as well as their ability to work with clients, adjusting and redesigning as necessary, to create something original and new. Anita and Isabella Jantz have been featured artists on Society6 as well as Redbubble, and sell prints of their work on a variety of products across multiple websites.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies them.

9. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Jantz Works. As a result, products associated with

the Jantz Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Jantz Products").




https://curioos.giantart.com/collections/vendors?sort_by=created-descending&_ab=0&_fd=0&_sc=1&currencyUSD&pb=0&q=Anita%27s+%26+Bella%27s+Art

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and therefore denies them.

10. Plaintiff is the owner of the United States Copyright Registrations that cover the Jantz Works. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates for the Jantz Works are attached hereto as Exhibit 1.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of paragraph 10's allegations concerning the registrations identified in the Complaint, their validity and ownership, and the completeness and accuracy of Exhibit 1, and therefore denies those allegations.

11. In an effort to illegally profit from the creative content of the Jantz Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Jantz Products. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Jantz Products.

**Response:** Defendant denies creating or operating its store to misrepresent an affiliation with Plaintiff, to appear to be an authorized Jantz retailer, outlet, or wholesaler, or to profit illegally. Defendant lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

12. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Jantz Works.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies them.

13. The success of the Jantz Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14. As a result of Plaintiff's efforts, the quality of the Jantz Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Jantz Works and associate them exclusively with Plaintiff.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore denies them.

15. Plaintiff has made efforts to protect Plaintiff's interests in and to the Jantz Works. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Jantz Works without the express written permission of Plaintiff.

**Response:** Defendant admits that copyright owners may authorize others to exercise rights they own. Defendant denies that every use of a copyrighted work requires express written permission. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's particular protective efforts and licensing arrangements and therefore denies the remaining allegations.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

16. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Jantz Products to consumers within the United States, including Illinois and in this judicial district.

**Response:** Defendant admits that its storefront is operated by Shenzhen Anyou Information Technology Co., Ltd., based in China, and that it offers and sells products through Amazon to United States customers, including customers in Illinois. Defendant denies that its offers or sales constitute infringement or involve illegal "Jantz Products." Defendant lacks

knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

## COUNT I

## COPYRIGHT INFRINGEMENT

17. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

**Response:** Defendant incorporates its responses to paragraphs 1 through 16 as though fully stated here.

18. The Jantz Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

**Response:** Defendant admits that original pictorial works may contain copyrightable expression, but denies that copyright protects familiar heart shapes or colors as such, apart from protectable original expression. Defendant lacks knowledge or information sufficient to form a belief about the asserted original authorship of each of the works identified in the Complaint and therefore denies the remaining allegations.

19. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Jantz Works, including derivative works. The Jantz Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (Exhibit 1).

**Response:** Defendant admits that the certificate filed at ECF No. 12, page 9, identifies "Sparkling UNICORN Girls Glitter Heart #1," Registration No. VA 2-404-323, and identifies Plaintiff as author and claimant. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's actual ownership and chain of title to the pertinent exclusive rights at all

relevant times and the remaining registration allegations, and therefore denies them. Defendant denies infringing any exclusive right owned by Plaintiff.

20. Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Jantz Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

**Response:** Defendant admits offering and selling the accused trading-card binder obtained from a third-party supplier. Defendant denies that its offers or sales constitute infringement of a copyright owned by Plaintiff or unlawful distribution of derivative works. Defendant lacks knowledge or information sufficient to form a belief about whether Plaintiff authorized the third-party supplier's use of any applicable work, and therefore denies the lack-of-authorization allegations to that extent. Defendant lacks knowledge or information sufficient to form a belief about the allegations concerning other Defendants and therefore denies them.

21. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

**Response:** Defendant denies that Plaintiff is entitled to the requested relief against it. Defendant further asserts the defenses and limitations on relief stated below.

22. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each

Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

**Response:** Defendant denies that its conduct causes or threatens the alleged irreparable injury, that Plaintiff lacks an adequate remedy at law, or that Plaintiff is entitled to the requested injunction or destruction order against Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Jantz Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Jantz Product or is not authorized by Plaintiff to be sold in connection with the Jantz Works;

   b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Jantz Works;

   c. further infringing the Jantz Works and damaging Plaintiff's goodwill;

   d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Jantz Works, and which are derived from Plaintiff's copyrights in the Jantz Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Jantz Works;

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

**Response:** Defendant denies that Plaintiff is entitled to any relief against it requested in the Complaint's prayer, including paragraphs 1(a)–(e) and 2 through 5. Defendant specifically denies willful infringement and denies entitlement to an injunction, destruction of goods, restrictions on its storefront, actual or statutory damages, attorney's fees, or costs.

**AFFIRMATIVE DEFENSES AND LIMITATIONS ON RELIEF**

Without admitting liability, Defendant asserts the following defenses and limitations in the alternative. The inclusion of a limitation does not shift to Defendant a burden of proof otherwise borne by Plaintiff.

**Defense 1: Statutory Damages and Attorney's Fees Barred by 17 U.S.C. § 412**

23. The accused trading-card binder was listed on August 2, 2022, and Defendant sold the accused product before April 19, 2024. Plaintiff's evidence sheet identifying "080 Veelam" depicts the accused binder and identifies Registration No. VA 2-404-323. The certificate for that work, "Sparkling UNICORN Girls Glitter Heart #1," states a first-publication date of August 20, 2018, and an effective registration date of April 19, 2024. (ECF No. 12 at 9.) Registration therefore occurred more than three months after the stated first publication.

24. To the extent Plaintiff's claim concerns this alleged infringement commencing before registration and its continuation, 17 U.S.C. § 412 bars statutory damages and Plaintiff's attorney's fees. This defense does not concede infringement or that Plaintiff has established entitlement to actual damages, attributable profits, or equitable relief.

**Defense 2: Deductible Expenses and Apportionment Under 17 U.S.C. § 504(b)**

25. Defendant incurred expenses associated with the accused product, including the cost of goods, freight, customs duties, Amazon selling and fulfillment fees, storage charges, transaction fees, and advertising expenses. Any recoverable profits must account for legally deductible expenses established by Defendant, rather than treating gross receipts as profits.

26. The accused product is a functional trading-card binder. Defendant's profits are attributable in part to features and considerations other than the allegedly copyrighted image, including card-storage capacity, product utility, and price. Under 17 U.S.C. § 504(b), any profits award must exclude amounts Defendant establishes are attributable to those other factors, and may not duplicate amounts included in an actual-damages award.

**Defense 3: Nonwillfulness and Alternative Innocent-Infringement Reduction**

27. Defendant obtained the accused products from a third-party supplier through the 1688 marketplace and did not know of Plaintiff's asserted copyright when it first listed the product. Defendant did not initially offer the product with an intent to infringe Plaintiff's rights and denies willful infringement.

28. If statutory damages are available notwithstanding § 412, Defendant invokes 17 U.S.C. § 504(c)(2) to the extent Defendant establishes that the alleged infringement was committed without awareness or reason to believe that its acts constituted infringement. Defendant seeks any reduction the statute permits on that showing. Lack of knowledge is asserted as relevant to damages, not as an automatic defense to liability.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant requests judgment in its favor; that Plaintiff take nothing against Defendant; an award of Defendant's costs and reasonable attorney's fees to the extent authorized by law; and such other relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues so triable.

Dated: September 16, 2026

Respectfully submitted,
/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
12555 High Bluff Drive, Suite 190
San Diego, CA 92130
Telephone: (781) 752-6369
bsolter@cbcounselor.com

Counsel for Defendant No. 80 Veelam