A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ELLISA1
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
November 2, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-00601

**Judge Matthew F. Kennelly**

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff JANTZ & JANTZ GbR d/b/a ANITA'S & BELLA'S ART/ARTWORK ("Jantz & Jantz" or "Plaintiff") against Defendant No. 80 Veelam, (the "Defendant Internet Store"), and Jantz & Jantz having moved for Default Judgment against the Defendant Internet Store (the "Defendant");

Jantz & Jantz having properly completed service of process on Defendant [42], the combination of providing notice via electronic publication and e-mail, along with any notice that Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and affording Defendant the opportunity to answer and present Defendant's objections; and

The Defendant having failed to answer or appear in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defendant because Defendant directly

targets business activities toward consumers in the United States, including Illinois. Specifically, Jantz & Jantz has provided a basis to conclude that Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least one seller alias, offers shipping to the United States, including Illinois, and has sold products using infringing versions of Jantz & Jantz's federally registered copyright, which is protected by U.S. Copyright Registration No. VA-2-404-323 (the "Jantz Work") to residents of Illinois.

This Court further finds that Defendant is liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Jantz & Jantz's Motion for Default Judgment is GRANTED as follows, that Defendant is deemed in default, and that this Default Final Judgment is entered against Defendant.

This Court further orders that:

1. Defendant, Defendant's officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defendant be permanently enjoined and restrained from:

   a. using the Jantz Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Jantz & Jantz product or not authorized by Jantz & Jantz to be sold in connection with the Jantz Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Jantz & Jantz product or any other product produced by Jantz & Jantz, that is not Jantz & Jantz's or not produced under the authorization, control, or supervision of Jantz & Jantz and approved by Jantz & Jantz for sale under the Jantz Work;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Jantz & Jantz, or are sponsored by, approved by, or otherwise connected with Jantz & Jantz; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Jantz & Jantz, nor authorized by Jantz & Jantz to be sold or offered for sale, and which bear any of Jantz & Jantz's registered copyrights, including the Jantz Work, or any reproductions, infringing copies or colorable imitations.

2. Defendant and any third party with actual notice of this Order who is providing services for the Defendant, or in connection with the Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell infringing goods using the Jantz Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Jantz Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Jantz & Jantz product or not authorized by Jantz & Jantz to be sold in connection with the Jantz Work.

3. Upon Jantz & Jantz's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of infringing goods using the Jantz Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Jantz & Jantz is awarded statutory damages from the Defendant in the amount of fifty thousand dollars ($50,000) for willful use of the infringing Jantz Work on products sold through at least the Defendant Internet Store.

5. Any Third Party Providers holding funds for Defendant, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defendant's financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Jantz & Jantz as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Jantz & Jantz the amounts from Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Jantz & Jantz has recovered full payment of monies owed to it by Defendant, Jantz & Jantz shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Jantz & Jantz identifies any additional online marketplace accounts or financial accounts owned by Defendant, Jantz & Jantz may send notice of any

supplemental proceeding, including a citation to discover assets, to Defendant by e-mail at any e-mail addresses provided for Defendant by third parties.

This is a Final Default Judgment.

Dated: 10/30/2026

Matthew F. Kennelly
United States District Judge